UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE CYBERONICS INC. SECURITIES LITIGATION | § § § § | Civil Action H-05-2121 |

**MEMORANDUM AND ORDER**

Pending before the court is Los Angeles County Employees Retirement Association's ("LACERA") Motion to Intervene, to Compel the Cyberonics Investor Group to Publish Notice and to Stay Proceedings. Dkt. #66. Having considered the motion, the responses, and the applicable law, the court is of the opinion that the motion should be GRANTED in part, and DENIED in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

This consolidated case constitutes a putative securities fraud class action involving the stock of Defendant Cyberonics, Inc. ("Cyberonics"). The lawsuit arises out of Cyberonics' efforts to secure approval from the FDA for marketing a device for the treatment of depression. On July 20, 2006, the court dismissed the lawsuit for failure to plead with the specificity required by both Rule 9(b) of the Rules of Civil Procedure and Section 78u-4(b)(1) of the Private Securities Litigation Reform Act ("PSLRA"). Dkt. #51. However, the court granted the plaintiff, Cyberonics Investor Group ("CIG"), permission to amend its complaint to cure the deficiencies. CIG filed an amended complaint on August 17, 2006 that expanded the class period[1] and added new claims. Dkt. #54. Thereafter, LACERA moved to require CIG to republish notice of the lawsuit in order to notify any other potential plaintiffs in light of the expanded class period and new claims asserted.

---

[1] The court refers to this as the "class period," although no class has been certified. *See Nathenson v. Zonagen Inc.*, 267 F.3d 400, 404 (5th Cir. 2001) (noting similarly that, "[d]espite the absence of certification, we will, for clarity's sake, refer to the time in question as the 'class period'").

DISCUSSION

**A. Republication of Notice under the PSLRA.**

The PSLRA requires a plaintiff to publish "not later than 20 days after the date on which the complaint is filed . . . a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A). This provision is "intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation[,] parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders." H.R. CONF. REP. NO. 104-369, at 32 (1995). Because CIG has expanded the class period[2] and included additional claims within its amended complaint, LACERA urges the court to require CIG to republish notice in accordance with the PSLRA. Neither the notice provision nor any other related PSLRA provisions differentiate between original complaints and amended complaints.[3] Nor do these provisions clearly delineate when new notice is required. *See Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65 (E.D.N.Y. 2000) (holding that the PSLRA "does not mandate, nor does it suggest, that a Court approved lead plaintiff must re-publish a notice of the purported class after an amended complaint is filed"). Case law, though scant, provides some guidance on the issue.

In cases where amended complaints encompassed the same claims and securities, but somewhat different class periods, courts have generally found that "the efficiency cost of

---

[2] The original class period was June 15, 2004, through October 1, 2004. The new class period is February 5, 2004 through August 1, 2006 inclusive.

[3] "Not later than 90 days after the date on which notice is published . . . the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members . . . that the court determines to be most capable of adequately representing the interests of the class members . . . . 15 U.S.C. § 78u-4(a)(3)(B)(i).

2

republication outweighs the marginal fairness gains of notifying class members of an extended class period." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05-CV-1898, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005); *see also, e.g.*, *Cheney v. Cyberguard Corp.*, 211 F.R.D. 478, 498 (S.D. Fla. 2002) ("[A]dditional notice is not required where the original complaint is amended to include, in part, an extension of the class period."); *Greenberg*, 80 F. Supp. at 69 (opining that new publication is not required where new defendant is added to the complaint). "In such cases, most potential lead plaintiffs are probably eligible under either class period, and, at the very least, have been alerted to the pendency of a case involving the securities they hold, if not the exact period in which they held them." *Bombardier Inc.*, 2005 WL 1322721, at *2. By contrast, where amendments include "entirely new factual and legal allegations against [Defendants], as to separate transactions, affecting a new class of plaintiffs," entire classes of potential lead plaintiffs are left out of the notice procedure. *Id.* (quoting *In re Select Comfort*, No. 99-CV-884, 2000 U.S. Dist. LEXIS 22697, at *25 (D. Minn. Jan. 27, 2000)). In such situations, requiring republication of notice may be appropriate.

In *Bombardier Inc.*, the amended complaint expanded the purported class from purchasers of a single class of securities to purchasers of many classes from different years. *Id.* The court, therefore, found that adjudication of who should be appointed lead plaintiff could not reliably proceed unless potential lead plaintiffs were given a reasonable opportunity to identify themselves and present themselves for the court's consideration. *Id.* at *3. "A class member who owned only Series 1998-C securities, encountering a notice regarding only the Series 2000-A securities, would have no idea that she had the opportunity to move for appointment as lead plaintiff. The overwhelming likelihood is that such an investor would disregard the notice, unaware that an

amendment had been filed placing her squarely within the alleged class." *Id.* at 2. The court found that allowing the plaintiffs to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process. *Id.* at *3. "Where membership of a class is substantially expanded by the filing of an amended complaint that adds new claims, fairness dictates that those new class members ought to be informed of the existence of pending claims that may affect their rights." *Id.*

*In re LeapFrog Enterprises, Inc. Securities Litigation* provides further guidance in a context analogous to the case at hand. In *LeapFrog*, the original complaint alleged that defendants defrauded investors by making misleading statements about LeapFrog's financial outlook. *In re LeapFrog Enterprises, Inc. Securities Litigation*, No. C-03-05421 RMW, slip op. at 4 (N.D. Cal. July 5, 2005). Additionally, the original consolidated class period spanned approximately six months. *Id.* The amended complaint, however, included new allegations about LeapFrog's distribution and supply chain and alleged a class period of fifteen months. *Id.* The court found that the amended complaint "dramatically altered the contours of the lawsuit." *Id.* Moreover, the fact that the party requesting new notice, a potential lead plaintiff, was an institutional investor with losses of over $10 million, while the original lead plaintiffs were individuals with alleged losses of approximately $36,000, reinforced the court's conclusion that "other potential plaintiffs may be better-suited to represent the class under the amended complaint." *Id.* at 5. Therefore, the court ordered the original plaintiffs to republish notice of the lawsuit to reflect the new claims and expanded class period. *Id.*

In the case at hand, LACERA argues that CIG should be required to republish notice under the PSLRA, because it has included in its amended complaint additional claims and an expanded class period. LACERA brings to the court's attention several new claims within the amended

4

complaint. The new claims allege that Cyberonics concealed the existence of improprieties related to the award of stock options grants, internal controls, and accounting for executive compensation and expenses. Dkt. #54, ¶¶ 8, 15(e), 78, 132. Furthermore, the amended complaint alleges that the stock options improprieties were first exposed on June 6, 2006, well after the original class period but within the expanded class period. *Id.* ¶ 132.

While the new options claim arising during the expanded class period encompasses LACERA, violations claimed in the original complaint do not. LACERA held Cyberonics stock between February 3, 2005, and August 1, 2006, after the original class period but well within the expanded class period. Upon the publication of CIG's initial notice, LACERA and other investors in similar positions did not respond because the constraints of the original complaint excluded their participation in the class. Although LACERA did not own any Cyberonics stock during the original class period, LACERA held 483,950 shares of Cyberonics on June 6, 2006, when the newly alleged stock options improprieties first came to light. Notably, LACERA at one time held as many as 549,650 shares of Cyberonics, currently holds 309,850 shares of Cyberonics, and alleges to have sustained losses in excess of $6 million. Compared to $154,515.72 in losses which the original lead plaintiff application claimed, LACERA could be a more appropriate lead plaintiff, holding the largest financial interest in the litigation.[4] CIG's amended complaint, as in *Bombardier, Inc.* and *In re LeapFrog*, substantially expands the potential class of plaintiffs by adding new claims and significantly expanding the class period. The additional claims give rise to the possibility that a more appropriate lead plaintiff exists, a party which was not apprised of its inclusion in the lawsuits

---

[4] LACERA has not yet indicated its intent to move for lead plaintiff status. The court refers to LACERA's qualifications as lead plaintiff only to illustrate why republication would serve the purposes of the PLSRA.

by the original notice. Therefore, in keeping with the PSLRA's goal of adequate notice for the purpose of determining the most appropriate lead plaintiff, the court finds that republication of notice is appropriate.

### B. Stay of Proceedings Pending Republication.

Because the court has found that CIG must republish notice, LACERA also asks the court to stay the proceedings pending republication. Dkt. 66, at 15. "The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). The consolidated complaint in this case was filed on November 30, 2005. Dkt. 27. Cyberonics immediately filed its motion to dismiss on January 30, 2006. Dkt. 36. After the motion to dismiss was granted, CIG filed its amended complaint on August 17, 2006. Dkt. 54. Cyberonics again quickly filed a motion to dismiss on January 30, 2006. Dkt. 61. Under the PSLRA all discovery has been "stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(2)(B). Therefore, although the consolidated complaint has been on file for a year, discovery has been stayed during the entire period. Accordingly, the court finds that neither party will be prejudiced if a stay is imposed.

The PSLRA requires first that notice be published within 20 days of the filing of the complaint. § 78u-4(a)(3). Second, within 60 days of publication of notice, putative class members must move the court to serve as lead plaintiff. *Id.* Then last, the court shall appoint a lead plaintiff not later than 90 days from the publication of notice. *Id.* Until such time as the publication of notice and selection of lead plaintiff is made, the case will be stayed.

### C. Severance of New Claims.

In its response to LACERA's motions, CIG admits that it has pled new claims in its amended complaint. Dkt. 77, at 14. However, CIG requests that the court sever those claims rather than require CIG to republish notice. CIG argues that the severed claims could be noticed upon filing of a new complaint. "The trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Severance of claims pursuant to Rule 21 is based on the concepts of judicial efficiency and fairness to the parties. *My Mail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 457-58 (E.D. Tex. 2004). *Cf. United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966). As discussed above, the consolidated case is still in its preliminary stages. No efficiency would be gained by two separate courts reviewing such significantly related claims. Because severance would impair judicial efficiency and possibly work an injustice against putative plaintiffs, the court denies CIG's motion to sever the new claims.

### CONCLUSION

For the foregoing reasons, Los Angeles County Employees Retirement Association's Motion to Intervene, to Compel the Cyberonics Investor Group to Publish Notice and to Stay Proceedings is GRANTED in part, and DENIED in part. LACERA's motions to compel publication of notice and to stay these proceedings are GRANTED. LACERA's motion to intervene is DENIED with leave to reurge after the renoticing since LACERA admittedly filed its motion seeking only to ensure compliance with the PLSRA's notice requirements. Dkt. 66, at n. 4.

Therefore, it is ORDERED that Plaintiffs shall publish notice in accordance with 15 U.S.C. § 78u-4(a)(3)(A) within 20 days of this order.

It is further ORDERED that the pending litigation is stayed until the lead plaintiff process is completed in accordance with the schedule required by the PSLRA, Sections (a)(3)(A)(i) and (a)(3)(B)(i).

It is further ORDERED that CIG's motion to sever the new claims pled in its amended complaint is DENIED.

Signed at Houston, Texas on November 28, 2006.

_____
Gray H. Miller
United States District Judge